1  John T. Jasnoch (CA 281605)
   **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
2  600 W. Broadway, Suite 3300
   San Diego, CA 92101
3  Tel.: 619-233-4565
   Fax: 619-233-0508
4  jjasnoch@scott-scott.com

5  *Attorney for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN HUEGERICH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STEVE GENTILE, GIOVANNI PERONE, JUSTIN FRENCH, KIMBERLY KARDASHIAN, FLOYD MAYWEATHER, JR., PAUL PIERCE, DEFENDANT "X", and JOHN DOES 1-10,<br><br>Defendants. | Case No. CV 22-163-MWF (SKx)<br><br>**ORDER GRANTING JOINT STIPULATION FOR CONSOLIDATION; APPOINTMENT OF LEAD COUNSEL; SCHEDULE FOR FILING OF CONSOLIDATED COMPLAINT AND RESPONSES THERETO; and CLOSING CASE NO. CV 22-400 UPON CONSOLIDATION** |
| JONATHAN SEMERJIAN, NABIL NAHLAH, TILL FREEMAN, and MARKO CIKLIC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEVE GENTILE, GIOVANNI PERONE, JUSTIN FRENCH, KIMBERLY KARDASHIAN, FLOYD MAYWEATHER, JR., PAUL PIERCE, DEFENDANT "X", and JOHN DOES 1-10,<br><br>Defendants. | Case No. CV 22-400-MWF (SKx) |

Presently before the Court is a Joint Stipulation for Consolidation; Appointment of Lead Counsel; Schedule for Filing of Consolidated Complaint and Responses thereto (the "Stipulation"). Having considered the Stipulation, and for GOOD CAUSE shown, the Court hereby rules as follows:

**IT IS HEREBY ORDERED** that:

1. The Stipulation is granted.

2. The following actions, which involve common questions of law and fact, and hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Hugerich v. Gentile* | CV 22-163-MWF (SKx) | January 7, 2022 |
| *Semerjian v. Gentile* | CV 22-400-MWF (SKx) | January 19, 2022 |

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE ETHEREUMMAX INVESTOR LITIGATION  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ This Document Relates To:       ALL ACTIONS. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) Lead Case No. CV 22-163 MWF (SKx) ) ) ) ) ) ) ) ) |

2

ORDER GRANTING STIPULATION FOR CONSOLIDATION; APPOINTMENT OF LEAD COUNSEL; SCHEDULE FOR FILING OF CONSOLIDATED COMPLAINT AND RESPONSES THERETO

4. The files of the Consolidated Action will be maintained in one file under Master File No. CV 22-163-MWF (SKx).

5. When a document being filed pertains to all of the actions included within the Consolidated Action, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To". When a pleading applies only to some, but not all, of the actions included within the Consolidated Action, the document shall list, immediately after the phrase "This Document Relates To", the docket number for each individual action to which the document applies, along with the name of the first listed plaintiff in said action (*e.g.*, "Case No. CV 22-400 ('Semerjian')").

6. When any related action is filed in this Court, transferred to this Court, or removed to this Court that appears to meet the definition of requirements of Local Rule 83-1.3.1(a)-(d) with respect to the Consolidated Action (a "Related Case") or should be considered as a Related Case (and therefore be consolidated with, and into, the Consolidated Action), Lead Counsel (as defined herein) shall, upon notice of the existence of the Related Case, promptly file a Notice of Related Case in both the Consolidated Action and in the Related Case, serve a copy of the entered version of the [Proposed] Order (the "Notice") upon counsel of record for the plaintiff(s) in the Related Case and any defendants in such Related Shareholder Derivative Case that have not previously been named in the Actions (the "Related Case Parties"), and file a proof of service in the Consolidated Action that such Notice has been given.

7. Upon receipt of the above-mentioned notice, the Court shall determine whether such Related Case shall be consolidated with *In re EthereumMax Investor Litigation.*

8. The Court finds that the consolidated actions will benefit from the appointment of interim Lead Counsel. The Court hereby appoints John T. Jasnoch of Scott+Scott Attorneys at Law LLP as interim Lead Counsel in the consolidated

actions. Lead Counsel shall provide general supervision of the activities of plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

    a.    to brief and argue motions;

    b.    to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, preparation of written interrogatories, requests for admission, and requests for production of documents;

    c.    to direct and coordinate the examination of witnesses in depositions;

    d.    to act as spokesperson at pretrial conferences;

    e.    to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    f.    to initiate and conduct any settlement negotiations with counsel for defendants;

    g.    to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

    h.    to consult and employ experts;

    i.    to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

    j.    to perform such other duties as may be expressly authorized by further order of this Court.

9. Any agreement reached between counsel for defendants and plaintiffs' Lead Counsel shall be binding on any other counsel for any other plaintiff in the consolidation actions and on plaintiffs.

10. Defendants need not respond to any of the initial complaints in the Actions.

11. Plaintiffs shall file a Consolidated Complaint no later than **April 18, 2022**.

12. Defendants shall serve and file any answer or response to the Consolidated Complaint 45 days after service of the Consolidated Complaint.

18. Should Defendants move to dismiss Plaintiffs' Consolidated Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiffs shall serve and file any opposition within 30 days after service of the Rule 12 motion.

19. Defendants shall serve and file any reply to Plaintiffs' opposition within 21 days after service of the opposition.

20. Upon the filing of this Order in both cases, the Clerk is ORDERED to close Case No. CV 22-400 MWF (SKx).

**IT IS SO ORDERED.**

Dated: March 2, 2022

_____
MICHAEL W. FITZGERALD
United States District Judge