James L. Sanders (SBN 126291)
Email: jsanders@reedsmith.com
Carla Wirtschafter (SBN 292142)
Email: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Attorneys for Defendant
FLOYD MAYWEATHER, JR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE ETHEREUMMAX INVESTOR LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br><br>ALL ACTIONS. | Lead Case No. CV 22-163 MWF (SKx)<br><br>**DEFENDANT FLOYD MAYWEATHER, JR.'S NOTICE OF JOINDER IN THE OMNIBUS MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT [DKT. 65] AND INDIVIDUAL MOTION TO DISMISS PURSUANT TO DKT. 62; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Date: November 7, 2022<br>Time: 10:00 a.m.<br>Place: First Street Courthouse,<br>Courtroom 5A<br><br>Complaint Filed: January 7, 2022<br>Trial Date: Not Scheduled |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 7, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Michael W. Fitzgerald, United States District Judge, Central District of California, located at 350 West First Street, Los Angeles, California 90012, the undersigned Defendant Floyd Mayweather Jr. ("Mayweather"), will, and hereby does, move the Court for an order dismissing Plaintiffs' Consolidated Class Action Complaint (ECF No. 41) (the "CCAC"). Certain Defendants who were served earlier in this lawsuit have filed an Ominbus Motion to Dismiss which is scheduled to be heard on November 7, 2022 (ECF No. 74). As set forth in the accompanying Memorandum of Points and Authorities, Mayweather moves individually to dismiss and joins in that Omnibus Motion.

This Motion is made pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and evidence on file in this matter, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing of the Motion.

Pursuant to Civil Local Rule 7-3, on September 20, 2022, counsel for Mayweather advised defense counsel of the grounds for this Motion and invited counsel to meet and confer further. Defense counsel informed Mayweather's counsel that they oppose this motion.

Dated: September 26, 2022              REED SMITH LLP

                                        By:*/s/ James L. Sanders*
                                           James L. Sanders
                                           Carla M. Wirtschafter
                                           *Counsel for Defendant Floyd*
                                           *Mayweather Jr.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- i -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................... 1

II.   THE ALLEGATIONS PLED ABOUT MAYWEATHER .................................. 1

III.   THE CLAIMS AGAINT MAYWEATHER ARE IMPLAUSIBLE ....................... 3

IV.   CONCLUSION ...................................................................................... 4

CASE NO. CV 22-163 MWF (SKx)                    MAYWEATHER'S JOINDER AND MOTION TO DISMISS
IN RE ETHEREUMMAX INVESTOR LITIGATION

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*Bergeron v. Monex Deposit Co.*,
    2020 WL 3655495 (C.D. Cal. Apr. 29, 2020)......................................................4

6

7
*In re JUUL Labs*,
    497 F. Supp. 3d 552 (N.D. Cal. 2020)..................................................................3

8

9
*Rodio v. Smith*,
    123 N.J. 345 (N.J. 1991)......................................................................................3

10

11
*Sateriale v. R.J. Reynolds Tobacco Co.*,
    697, 794 F.3d 777 (9th Cir. 2012) ....................................................................3, 4

12

13
*Schonfeld v. Thompson*,
    663 N.Y.S.2d 166 (N.Y. Sup. Ct. 1997)..............................................................3

14
*Sisseton-Wahpeton Sioux Tribe v. United States*,
    90 F.3d 351 (9th Cir. 1996) .................................................................................4

15

16
*Smyth v. Berman*,
    31 Cal. App. 5th 183 (Cal. Ct. App. 2019)..........................................................3

17

18
*Stickrath v. Globalstar, Inc.*,
    527 F. Supp. 2d 992 (N.D. Cal. 2007).................................................................4

19

20
*United States v. Green*,
    592 F.3d 1057 (9th Cir. 2010) .............................................................................3

21

22

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs' decisions to purchase a highly speculative and volatile cryptocurrency do not provide a basis for them to plausibly pursue any of the claims alleged in the Consolidated Class Action Complaint ("CACC"). As set forth in the Omnibus Motion to Dismiss ("Omnibus Motion") [Dkt. 65] in which Defendant Floyd Mayweather Jr. ("Mayweather") joins, the CACC must be dismissed.  In addition to the reasons set forth in the Omnibus Motion, Mayweather should be dismissed from this lawsuit for the additional and independent reason that the CACC is devoid of a single allegation sufficient to support the claims pled against him.   Instead, the claims against Mayweather boil down to improper group pleading that plainly fails to satisfy Plaintiffs' requirement to plead a plausible claim *against Mayweather*.  What is more, the CACC does not identify a single statement *made by Mayweather* about eMax tokens or EthereumMax.  The absence of such allegations is fatal to every claim pled against Mayweather and requires that he be dismissed from this lawsuit.

## II.   THE ALLEGATIONS PLED ABOUT MAYWEATHER

Of the 61 pages and 236 paragraphs of allegations in the CACC, ***none*** of the allegations purport to describe any statement made by Mayweather about EthereumMax or eMax Tokens.  Instead, the CACC describes (i) statements made ***by others*** about a "partnership" with Mayweather (CACC, ¶¶ 58, 81, 88, 94); (ii) the "pay-per-view boxing event between Mayweather and social media influencer Logan Paul on June 6, 2021 in Miami Gardens, Florida" (*id.*, ¶¶ 83-85); (iii) Mayweather's wearing of clothing that referred to EthereumMax (*id.*, ¶¶ 90-91); and (iv) unsupported and irrelevant speculation about Mayweather's 2018 settlement with the United States Securities and Exchange Commission ("SEC") regarding an unrelated cryptocurrency (*id.*, ¶¶ 105-106, 149).

Based upon these allegations, and Plaintiffs have lumped Mayweather with other so called "Promoter Defendants", *id.*, pp. 1, lines 6-8.  The CACC asserts 9 causes of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

action against Mayweather for: (1) Unfair Competition   in violation of California Business and Professions Code § 17200 (1st cause of action); (2) Violation of the California Consumers Legal Remedies Act (2nd cause of action); (3) Aiding and Abetting under California Common Law (3rd cause of action); (4) RICO violations (4th cause of action); (5) common law conspiracy (5th cause of action); (6) Violation of Florida's Deceptive and Unfair Trade Practices Act (7th cause of action); (7) Violation of New York's General Business Law (8th cause of action); (8) Violation of New Jersey Consumer Fraud Act (9th cause of action); (9) Unjust enrichment/restitution (10th cause of action).

The CACC states that each of these causes of action is based on "the conduct, statements and omissions described above" (*see* CACC, ¶¶ 134, 140, 182, 211, 214 223, 229) and/or the alleged promotion of eMax Tokens on "social media platforms and through [] reported conduct" (*id.*, ¶ 150).  However, noticeably absent from the CACC is any description of or reference to a statement, tweet or social media post made by Mayweather about eMax tokens or EthereumMax that could represent a misrepresentation or actionable omission or that could plausibly have been relied upon by Plaintiffs to support any of the claims asserted against him.  Instead, Plaintiffs are pursuing claims against Mayweather based upon the statements of *others* claiming a "partnership," a single online article speculating that Mayweather's statement at a Bitcoin conference that there was going to "be another cryptocurrency just as large as Bitcoin some day" *might be* referring to EthereumMax[1] and Mayweather's wearing of various pieces of clothing with EthereumMax and/or its logo.  Importantly, Mayweather is not alleged to have made any statement promoting EthereumMax, nor is he alleged to have even received eMax Tokens, *see* CACC, ¶ 81.[2]

---

[1] *See* complete copy of article referenced in CACC, ¶ 90, footnote 25; Request for Judicial Notice ("RJN") filed concurrently herewith.

[2] Plaintiffs' fourth cause of action for RICO violations repeatedly refers to the Promoter Defendants' alleged misrepresentations, statements and failures to disclose information, but such group plead and conclusory allegations are insufficient to state a claim against Mayweather as further described below.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 2 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Plaintiffs' pursuit of claims against Mayweather is a transparent attempt to reach

2  a perceived deep pocket in an effort to obtain a windfall for an admitted "highly

3  speculative" and "risky" investment (*see e.g.* CACC, ¶¶ ¶¶ 140(b) 211(b), 223(b),

4  229(b)) that resulted in disappointment.  The law does not support such claims. For all

5  of the reasons set forth in the Omnibus Motion to Dismiss and herein, Plaintiffs' claims

6  should be dismissed with prejudice.

7    **III.    THE CLAIMS AGAINST MAYWEATHER ARE IMPLAUSIBLE**

8    Plaintiffs' claims against Mayweather cannot proceed based upon statements

9  made by others or the clothing Mayweather wore.

10    *First,* there is no allegation in the CACC identifying any purported false

11  statement made by Mayweather – a necessary prerequisite to the asserted claims.  *See*

12  *e.g. Sateriale v. R.J. Reynolds Tobacco Co.*, 697, 794 F.3d 777 (9th Cir. 2012) (CLRA)

13  (affirming the dismissal of plaintiff's CLRA claim in part because they failed to allege

14  misrepresentations); *Schonfeld v. Thompson*, 663 N.Y.S.2d 166, 167–68 (N.Y. Sup. Ct.

15  1997) (Aiding and Abetting) (dismissing plaintiff's fraud cause of action because the

16  alleged misrepresentations amounted to mere puffery, and holding that "[t]he

17  insufficiency of the . . . fraud causes of actions mandates dismissal of the aiding and

18  abetting, conspiracy, and rescission claims"); *In re JUUL Labs*, 497 F. Supp. 3d 552,

19  595 (N.D. Cal. 2020) (RICO) ("The 'scheme to defraud' element" of wire fraud

20  "requires 'an affirmative, material misrepresentation.'") (quoting *United States v.*

21  *Green,* 592 F.3d 1057, 1064 (9th Cir. 2010); *Smyth v. Berman*, 31 Cal. App. 5th 183,

22  191–92 (Cal. Ct. App. 2019) (Conspiracy) (affirming defendant's demurrer and

23  explaining that a conspiracy cause of action is necessarily derivative of another cause

24  of action, including fraud and intentional misrepresentation, both of which require proof

25  of a false misrepresentation); *Rodio v. Smith*, 123 N.J. 345, 352 (N.J. 1991) (NJCFA)

26  ("[T]he Consumer Fraud Act requires an "unconscionable commercial practice,

27  deception, fraud, false pretense, false promise, misrepresentation, or the knowing

28  concealment * * * of any material fact.'"").

- 3 -

1    *Second*, Plaintiffs' vague and conclusory allegations about Mayweather's
2    purported promotion of eMax Tokens by wearing clothing with the EthereumMax logo
3    (CACC, ¶¶ 90-91) is insufficient to state a plausible claim and fails to satisfy Rule 9(b)'s
4    particularity requirements. To satisfy the particularity requirements of 9(b), the
5    circumstances of Mayweather's role in the the alleged fraud and/or any reliance by
6    plaintiffs on Mayweather's choice of clothing before making an investment in the
7    admitted "highly speculative" and "risky" eMax tokens must be pled. (CACC, ¶¶ 140(b)
8    211(b), 223(b), 229(b)). *See* Omnibus Motion to Dismiss, pp. 17-29; *see also Bergeron*
9    *v. Monex Deposit Co.*, 2020 WL 3655495, at *4 (C.D. Cal. Apr. 29, 2020) (dismissing
10   UCL and CLRA claims challenging advertisements' misrepresentations for failure to
11   plead with particularity); *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 996 (N.D.
12   Cal. 2007) (dismissing claims where "Plaintiffs fail[ed] to allege that they read any of
13   the alleged misrepresentations before purchasing the service—or even that any of the
14   misrepresentations were made before Plaintiffs' purchase").

15   In short, the CACC fails to satisfy basic pleading requirements that are required
16   in order to plausibly allege facts sufficient to support each of the asserted claims.
17   Instead, the CACC relies exclusively on vague assertions about the alleged group of
18   "Promoter Defendants" that even if true are insufficient to state a claim and in any event
19   fail to identify, with the requisite particularity or reasonable reliance on anything
20   Mayweather said or did.

21   **IV.   CONCLUSION**

22   For the foregoing reasons, Mayweather requests the Court to Court dismiss the
23   CCAC in its entirety. Because Plaintiffs have not identified any statement made by
24   Mayweather on which they reasonably relied, the claims against him cannot be cured
25   and should be dismissed without leave to amend. *Sisseton-Wahpeton Sioux Tribe v.*
26   *United States*, 90 F.3d 351, 355 (9th Cir. 1996) (leave to amend is properly denied when
27   amendment would be futile).

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -

1   Dated: September 26, 2022               REED SMITH LLP

2

3                                          By:/s/ James L. Sanders
                                               James L. Sanders
4                                              Carla M. Wirtschafter
                                               *Counsel for Defendant Floyd*
5                                              *Mayweather Jr.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware