1  John T. Jasnoch (CA 281605)
2  jjasnoch@scott-scott.com
   **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
3  600 W. Broadway, Suite 3300
   San Diego, CA 92101
4  Telephone: 619-233-4565
   Facsimile:  619-236-0508
5
6  *Attorney for Plaintiffs and the Proposed Class*
7
8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | IN RE ETHEREUMMAX INVESTOR LITIGATION | Lead Case No. 2:22-cv-00163-MWF-SK |
12 | This Document Relates To: | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |
13 | ALL ACTIONS | |

15

16                       **INTRODUCTION**

17     Plaintiffs request that this Court, as part of its consideration of the
18 Defendants' pending motions to dismiss, take judicial notice of newly-available
19 public documents related to Defendant Kimberly Kardashian's ("Kardashian")
20 misleading promotion of the EthereumMax digital asset, the EMAX token.  The
21 propriety of the celebrity promotions of the EMAX tokens is a central issue in this
22 case, and Plaintiffs' Amended Class Action Complaint (ECF No. 41) refers to
23 Kardashian's conduct throughout.  On October 3, 2021, the U.S. Securities and
24 Exchange Commission ("SEC") published two documents and a video related to a
25 settlement between the SEC and Kardashian for her improper promotion of EMAX
26 tokens.  These documents are attached as Exhibits A-B to the Declaration of John
27 T. Jasnoch in Support of Plaintiffs' Request for Judicial Notice in Support of
28

Plaintiffs' Opposition to Defendants' Motions to Dismiss ("Jasnoch Decl."). Given the centrality of the exhibits to the Amended Complaint's allegations and given that each exhibit's authenticity is not subject to reasonable dispute, judicial notice is proper under applicable law. Thus, each may be properly considered as part of Plaintiffs' opposition to Defendants' omnibus motion to dismiss for failure to state a claim, and Plaintiffs' opposition to the motion to dismiss specific to Defendant Kardashian, without converting that motion into one for summary judgment. Consideration of these exhibits fits squarely within the Ninth Circuit's precedent for judicial notice, and it is consistent with the consideration given by many other courts to similar documents publicly available on government websites.

## DOCUMENTS FOR JUDICIAL NOTICE

### A.   The SEC Press Release

On October 3, 2022, the SEC issued a press release titled "SEC Charges Kim Kardashian for Unlawfully Touting Crypto Security" (the "SEC Press Release"). *See* Jasnoch Decl., Ex. A. The SEC Press Release announced:

> The Securities and Exchange Commission today announced charges against Kim Kardashian for touting on social media a crypto asset security offered and sold by EthereumMax without disclosing the payment she received for the promotion. Kardashian agreed to settle the charges, pay $1.26 million in penalties, disgorgement, and interest, and cooperate with the Commission's ongoing investigation.
>
> The SEC's order finds that Kardashian failed to disclose that she was paid $250,000 to publish a post on her Instagram account about EMAX tokens, the crypto asset security being offered by EthereumMax. Kardashian's post contained a link to the EthereumMax website, which provided instructions for potential investors to purchase EMAX tokens.

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 2:22-cv-00163-MWF-SK

The SEC Press Release also contained the following statement from SEC Chair Gary Gensler: "'Ms. Kardashian's case also serves as a reminder to celebrities and others that the law requires them to disclose to the public when and how much they are paid to promote investing in securities.'" Similarly, Gurbir S. Grewal, Director of the SEC's Division of Enforcement, made the following statement in the SEC Press Release: "'The federal securities laws are clear that any celebrity or other individual who promotes a crypto asset security must disclose the nature, source, and amount of compensation they received in exchange for the promotion . . . . Investors are entitled to know whether the publicity of a security is unbiased, and Ms. Kardashian failed to disclose this information.'" Jasnoch Decl., Ex. A.

### B. The SEC Order

On October 3, 2022, the SEC issued an Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order ("SEC Order"). *See* Jasnoch Decl., Ex. B. This Order describes the settlement between Defendant Kardashian and the SEC over the improper promotion of the EMAX tokens. Notably, the SEC Order makes several findings of fact[1] regarding Kardashian's conduct. *See, e.g.*, Ex. B, ¶¶3-11. For example, the SEC Order finds that Kardashian received approximately $250,000 for her promotion of EMAX tokens. *Id.*, ¶3; *see also id.*, ¶10 ("EthereumMax, through an intermediary, paid Kardashian $250,000 for [her June 13, 2021] promotion. Kardashian did not disclose that she had been paid by EthereumMax or the amount of compensation she received from EthereumMax for making this post."). Additionally, the SEC Order discusses the EthereumMax

---

[1] The SEC Order does note that those findings were "made pursuant to Respondent's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding." Jasnoch Decl, Ex. B at 1 n.1.

3

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 2:22-cv-00163-MWF-SK

marketing materials and how they mislead investors into believing there was "a reasonable expectation of profits." *Id.*, ¶6.

Pursuant to the settlement, the SEC required Defendant Kardashian to disgorge the $250,000 "fee" she received from EthereumMax and to pay a fine of $1 million. The SEC also banned Defendant Kardashian from promoting digital assets for a period of three years. *Id.*, ¶15(a), §IV.B-C.

### C. The Gensler Video

In conjunction with the announcement of the settlement with Defendant Kardashian, on October 3, 2022, the SEC published a video on its official YouTube channel titled "Use Caution with Celebrity Endorsements of Investment Products," available at https://www.youtube.com/watch?v=vbZS6tYQKIM.[2] In the video, SEC Chair Gensler discusses the dangers of celebrity promotions of cryptocurrencies.

## ARGUMENT

### A. Legal Standards

Federal courts may grant judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). On a motion to dismiss for failure to state a claim, a court likewise "may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" and may "treat such a document as part of the complaint, and thus . . . assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration in original;

---

[2] Plaintiffs are providing a link to the Gensler Video because it is prohibited by YouTube's Terms of Service to "access, reproduce, download, distribute, transmit, broadcast, display, sell, license, alter, modify or otherwise use any part of the Service or any Content except: (a) as expressly authorized by the Service; or (b) with prior written permission from YouTube and, if applicable, the respective rights holders." YouTube's Terms of Service is available at https://www.youtube.com/static?template=terms.

quotation marks omitted); *see also, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, . . . matters of which a court may take judicial notice.").

As relevant here, under Rule 201 of the Federal Rules of Civil Procedure, the court can take judicial notice of "'[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. *See Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08–CV–1166–IEG-POR, 2009 WL 6597891, at *1-*2 (S.D. Cal. Dec. 23, 2009) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). *See also Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *Paralyzed Veterans of Am. v. McPherson*, No. C 06–4670-SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 8, 2008) ("information on government agency websites [has] often been treated as proper subjects for judicial notice"); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

**B.   This Court Should Take Judicial Notice of the Documents Related to the Settlement Between the SEC and Defendant Kardashian**

The Court may take judicial notice of the SEC Order, along with the related SEC Press Release and Gensler Video because each document is publicly available or central to the allegations of the Amended Complaint, and Defendants cannot reasonably dispute any of the documents' authenticity. Indeed, Defendants generally, and Defendant Kardashian specifically, cannot dispute the authenticity

5

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 2:22-cv-00163-MWF-SK

of the SEC Order, the SEC Press Release or Gensler Video because they are all publicly available on the SEC's website at https://www.sec.gov/news/press-release/2022-183.

Courts routinely take judicial notice of public records from government entities like those submitted here. *See e.g.*, *United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381–84 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) ("Because all of these documents are available on the websites of government agencies or a government contractor, they are appropriate subjects of judicial notice. Because the court finds the documents relevant to decision of the motion, it agrees with defendants that judicial notice is proper and it therefore grants their request."); *In re Ditech Commc'ns Corp. Sec. Litig.*, No. C 05-02406 JSW, 2006 WL 2319784, at *5 (N.D. Cal. Aug. 10, 2006) (holding that "press releases, SEC filings, [and] transcripts of . . . Earnings Release Conference calls . . . are the types of documents of which this Court properly may take judicial notice"); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) (taking judicial notice of publicly available excerpts from company's SEC filings); *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (same).

Taking judicial notice of these documents is also appropriate in light of Defendant Kardashian's arguments for dismissal that Plaintiffs failed to allege the specific compensation that Kardashian received to promote the EMAX tokens: "while Plaintiffs speculate that several non-Defendant celebrities were paid in Ethereum to promote EMAX . . . Plaintiffs concede they are unaware of any financial compensation to Ms. Kardashian for her Instagram posts." ECF No. 68 at 9. Defendant Kardashian's motion to dismiss further suggests that there are no facts to support the claim that Kardashian received compensation, or

communicated with any of the Defendants, regarding the promotion of EMAX tokens. *Id*. These arguments are particularly disingenuous given that they were made to this Court at the same time that Kardashian was apparently negotiating a settlement with the SEC over the very same conduct at issue here. Ultimately, these negotiations resulted in both a finding that Kardashian was paid $250,000 to promote EMAX tokens and the requirement for her to disgorge the same. This Court should not allow Defendant Kardashian to hide from her own voluntary settlement agreement with the SEC and make an argument for dismissal that is clearly inconsistent with the actual facts of what transpired.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of the SEC Order, SEC Press Release, and Gensler Video, when making its determination on Defendant Kardashian's individual motion to dismiss and on Defendants' omnibus motion to dismiss. Alternatively, in the event this Court finds the current allegations against Defendant Kardashian are insufficient to state a claim, Plaintiffs request leave to amend the pleadings to incorporate the details of Kardashian's settlement with the SEC.

DATED:  October 5, 2022  

SCOTT+SCOTT ATTORNEYS AT LAW LLP

 */s/ John T. Jasnoch*  
John T. Jasnoch (CA 281605)  
600 W. Broadway, Suite 3300  
San Diego, CA 92101  
Telephone: 619-233-4565  
Facsimile:  619-233-0508  
jjasnoch@scott-scott.com  

*Attorneys for Lead Plaintiffs and The Proposed Class*

7

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 2:22-cv-00163-MWF-SK

## CERTIFICATE OF SERVICE

I, John T. Jasnoch, hereby certify that on October 5, 2022, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on October 5, 2022, at San Diego, California.

*/s/ John T. Jasnoch*
John T. Jasnoch

# Mailing Information for a Case 2:22-cv-00163-MWF-SK In Re Ethereummax Investor Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Alison P. Baker**
  abaker@goodwin.com

- **Craig Carpenito**
  ccarpenito@kslaw.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,scott-scott@ecf.courtdrive.com,tharo@scott-scott.com,mchadwick@scott-scott.com,smasson@scott-scott.com,efile@scott-scott.com

- **Corey E. Klein**
  cklein@kbkfirm.com,tvaldezco@kbkfirm.com,kyamashita@kbkfirm.com

- **Travis LeBlanc**
  tleblanc@cooley.com,efiling-notice@ecf.pacerpro.com,avera@cooley.com

- **Andrew Z. Michaelson**
  amichaelson@kslaw.com,lkonczos@kslaw.com

- **Michael G Rhodes**
  rhodesmg@cooley.com,eFilingNotice@cooley.com,smartinez@cooley.com,john-brocales-7263@ecf.pacerpro.com,efiling-notice@ecf.pacerpro.com,mrhodes@cooley.com

- **Robby L. R. Saldana**
  rsaldana@cooley.com

- **James L Sanders**
  jsanders@reedsmith.com,docketingecf@reedsmith.com,cwirtschafter@reedsmith.com,aturner@reedsmith.com,james-sanders-4849@ecf.pacerpro.com

- **Maximilian Sladek De La Cal**
  msladekdelacal@cooley.com,efiling-notice@ecf.pacerpro.com

- **Meghan Strong**
  mstrong@kslaw.com

- **Joel R Weiner**
  joel.weiner@katten.com,marsha.davis@katten.com,courtalertlax@katten.com

- **David Karl Willingham**
  dwillingham@kslaw.com,mtunson@kslaw.com,david-willingham-5974@ecf.pacerpro.com

- **Carla M. Wirtschafter**
  cwirtschafter@reedsmith.com,docketingecf@reedsmith.com,carla-wirtschafter-9109@ecf.pacerpro.com,aturner@reedsmith.com

- **Andrew M. Zeitlin**
  azeitlin@goodwin.com,pcotrone@goodwin.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`