| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | MICHAEL G. RHODES (116127) |
|   | (rhodesmg@cooley.com) |
| 3 | TRAVIS LEBLANC (251097) |
|   | (tleblanc@cooley.com) |
| 4 | 3 Embarcadero Center, 20th Floor |
|   | San Francisco, California 94111-4004 |
| 5 | Telephone: +1 415 693 2000 |
| 6 | Facsimile: +1 415 693 2222 |
| 7 | MAX SLADEK DE LA CAL (324961) |
|   | (msladekdelacal@cooley.com) |
| 8 | 1333 2nd Street, Suite 400 |
|   | Santa Monica, California 90401 |
| 9 | Telephone: +1 310 883 6527 |
| 10 | Facsimile: +1 310 883 6500 |
| 11 | ROBBY L.R. SALDAÑA (admitted *pro hac vice*) |
|   | (rsaldana@cooley.com) |
| 12 | 1299 Pennsylvania Avenue, NW, Suite 700 |
| 13 | Washington, DC 20004-2400 |
|   | Telephone: +1 202 776 2109 |
| 14 | Facsimile: +1 202 842 7899 |
| 15 | *Attorneys for Defendant Kim Kardashian* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE ETHEREUMMAX INVESTOR LITIGATION | Lead Case No. CV 22-163 MWF (SKx) |
| | **DEFENDANT KIM KARDASHIAN'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| This Document Relates to: | |
| ALL ACTIONS. | |
| | Judge: Hon. Michael W. Fitzgerald |
| | Date: September 25, 2023 |
| | Time: 10:00 a.m. |
| | Place: First Street Courthouse, Courtroom 5A |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. KARDASHIAN'S MOT. TO DISMISS TAC
LEAD CASE NO. CV 22-163 MWF (SKx)

| | Complaint Filed: | January 7, 2022 |
|---|---|---|
| | Trial Date: | Not Scheduled |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 25, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Michael W. Fitzgerald, United States District Judge, Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendant Kim Kardashian ("Defendant" or "Ms. Kardashian") will, and hereby does, move the Court for an order dismissing certain claims in Plaintiffs' Third Amended Class Action Complaint (ECF No. 163) (the "TAC"). This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and evidence on file in this matter, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing of the Motion. Pursuant to Civil Local Rule 7-3, on July 10, 2023, counsel for the parties met and conferred regarding this Motion.

## STATEMENT OF RELIEF REQUESTED

Defendant requests that the Court dismiss without leave to amend Plaintiffs' requests for injunctive relief against her pursuant to Rule 12(b)(1) for lack of Article III standing. Defendant further requests that the Court dismiss with prejudice Plaintiffs' Cause of Action No. 1 under the California Unfair Competition Law ("UCL") against her pursuant to Rule 12(b)(6), insofar as the claim is predicated on alleged violations of state securities laws.

## ISSUES TO BE DECIDED

Whether the Court should dismiss all requests for injunctive relief against Ms. Kardashian under Rule 12(b)(1) for lack of Article III standing.

Whether the Court should dismiss Cause of Action No. 1 against Ms. Kardashian under Rule 12(b)(6) for failure to state a claim insofar as the claim is predicated on alleged violations of state securities laws.

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1
I. INTRODUCTION ............................................................................................ 1
II. RELEVANT BACKGROUND ....................................................................... 1
    A. The Court's Second Motion to Dismiss Order. ..................................... 1
    B. The TAC's Allegations Against Ms. Kardashian. ................................ 1
    C. The TAC's Amended Claims Against Ms. Kardashian ....................... 2
III. LEGAL STANDARDS ................................................................................... 3
IV. ARGUMENT ................................................................................................... 4
    A. Plaintiffs Still Fail to Plead Article III Standing to Seek Injunctive Relief Against Ms. Kardashian. ............................................................. 4
    B. Plaintiffs Cannot State UCL Claims Against Ms. Kardashian for Alleged Violations of State Securities Laws. ........................................ 6
V. CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aleksick v. 7-Eleven, Inc.*,
   205 Cal. App. 4th 1176 (2012) ................................................................................ 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 4

*Bowen v. Ziasun Techs., Inc.*,
   116 Cal. App. 4th 777 (2004) ................................................................................. 6

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) ................................................................................................ 5

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) .................................................................................. 5

*EduMoz, LLC v. Republic of Mozambique*,
   No. CV 13-02309, 2015 WL 13697385 (C.D. Cal. Apr. 20, 2015) ....................... 4

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ................................................................................................ 3

*Gardiner v. Walmart Inc.*,
   No. 20-CV-04618-JSW, 2021 WL 2520103 (N.D. Cal. Mar. 5,
   2021) ....................................................................................................................... 7

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ................................................................................................ 5

*San Francisco Residence Club, Inc. v. Amado*,
   773 F. Supp. 2d 822 (N.D. Cal. 2011) .................................................................... 6

*Scala v. Citicorp Inc.*,
   No. C 10-03859 CRB, 2011 WL 900297 (N.D. Cal. Mar. 15, 2011) .................... 6

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ................................................................................................ 3

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEF. KARDASHIAN'S MOT. TO DISMISS TAC
LEAD CASE NO. CV 22-163 MWF (SKx)

# TABLE OF AUTHORITIES
(continued)

Page(s)

**Statutes**

California Corporate Securities Law of 1968, Cal. Corp. Code
- § 25110 ..................................................................................................... 3
- § 25503 ..................................................................................................... 3
- § 25400 ..................................................................................................... 3
- § 25500 ..................................................................................................... 3
- § 25401 ..................................................................................................... 3
- § 25501 ..................................................................................................... 3
- § 25402 ..................................................................................................... 3
- § 25403 ..................................................................................................... 3
- § 25504 ..................................................................................................... 3
- § 25504.1 .................................................................................................. 3

California False Advertising Law, Cal Bus. & Prof. Code § 17500, *et seq.* ................................................................................................................ 2

California Unfair Competition Law, Cal Bus. & Prof. Code § 17200, *et seq.* .......................................................................................................... *passim*

Florida Deceptive and Unfair Trade Practices Act, Ch. 501, § 211(1), Fla. Stat. Ann. ................................................................................................. 2

Florida Securities and Investor Protection Act, Fl. Stat. § 517.07 .......................... 3

New Jersey Consumer Fraud Act, NJSA 56:8-1, *et seq.* ........................................ 3

New York General Business Law, Art. 22-A, § 349, *et seq.* .................................. 2

**Other Authorities**

Fed. R. Civ. P. 8(a) ................................................................................................... 7

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 4

Fed. R. Civ. P. 12(h)(3) ............................................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Ms. Kardashian respectfully requests that the Court (i) dismiss without leave to amend Plaintiffs' requests for injunctive relief, and (ii) dismiss with prejudice Plaintiffs' UCL claims against Ms. Kardashian insofar as they are predicated on purported securities law violations—securities claims which have ***not*** been alleged against Ms. Kardashian.

## II. RELEVANT BACKGROUND[1]

### A. The Court's Second Motion to Dismiss Order.

On June 6, 2023, the Court granted in part and denied in part Defendants' omnibus and individual motions to dismiss on Plaintiffs' various state consumer law and securities law claims asserted in the Second Amended Class Action Complaint (ECF No. 102 ("SAC")). (*See* Second MTD Order at 2–6.) Pertinent to Ms. Kardashian's instant motion, the Court (i) allowed Plaintiffs' California Unfair Competition Law ("UCL") claim to be pled "in the alternative" to the extent it "directly involve[s] a potential securities transaction" (*id.* at 32–33), and (ii) dismissed Plaintiffs' requests for injunctive relief for lack of standing (*id.* at 78–79). The Second MTD Order also clearly specified that any future successful motions to dismiss would be granted "***without leave to amend.***" (*Id.* at 84.) Plaintiffs filed the Third Amended Class Action Complaint ("TAC") on June 26, 2023 (ECF No. 163).

### B. The TAC's Allegations Against Ms. Kardashian.

The TAC contains few new allegations regarding Ms. Kardashian, although there are some notable changes. Most telling, Plaintiffs make clear that—despite their limited allegations against her—they view Ms. Kardashian as the deep pockets in this lawsuit. (*See, e.g.*, TAC ¶¶ 225, 262 (alleging that if their "state securities and

---

[1] The Court's prior orders on Defendants' motions to dismiss contain the relevant background concerning Plaintiffs' factual allegations regarding EthereumMAX. (*See* ECF No. 99 at 5–6; ECF No. 161 ("Second MTD Order") at 7–8.)

consumer law claims are found to be inapplicable" to Ms. Kardashian, "Plaintiffs will be unable to obtain monetary damages in an amount that would make Plaintiffs and the members of the Class whole").)

Plaintiffs have also revised certain of their allegations against Ms. Kardashian. In the wake of the Court's Second MTD Order, Plaintiffs have dropped their allegation that Ms. Kardashian's alleged statement that she just "shared what [her] friends just told [her] about the Ethereum Max Token!" was false and misleading. (*Compare id.* ¶ 162, *with* SAC ¶ 151.) Instead, they now allege in conclusory fashion that Ms. Kardashian's purported "statements and omissions concerning the ability to use EMAX Tokens to purchase goods and services relate to 'the central functionality of the product.'" (*See, e.g.*, TAC ¶ 215.)

Plaintiffs also attempt to salvage their dismissed requests for injunctive relief. (*See id.* ¶¶ 316, 318.) Plaintiffs allege in conclusory fashion that Ms. Kardashian's "promotional activities" purportedly "are ongoing and continu[ous]," but they do not allege any facts showing that Ms. Kardashian has made a single post about EMAX since June 14, 2021. (*Id.* ¶ 318.) They also speculate that Ms. Kardashian's purported "advertising . . . in the future" for the "EMAX Token or any other cryptocurrency" could be unreliable, but Plaintiffs do not allege any facts showing that Ms. Kardashian is likely to engage in any such "advertising" for EMAX, let alone some other cryptocurrency. (*Id.* ¶ 316.)

**C.  The TAC's Amended Claims Against Ms. Kardashian.**

The TAC again asserts the following state consumer protection law claims (the "State Consumer Laws") against Ms. Kardashian: (1) the UCL, Cal Bus. & Prof. Code § 17200, *et seq.* (claims 1–3) (TAC ¶¶ 196–229 (unlawful prong), ¶¶ 230-266 (unfair prong), ¶¶ 267–301 (fraudulent prong)); (2) the California False Advertising Law, Cal Bus. & Prof. Code § 17500, *et seq.* (claim 4) (*id.* ¶¶ 302–322); (3) the Florida Deceptive and Unfair Trade Practices Act, Ch. 501, § 211(1), Fla. Stat. Ann. (claim 5) (*id.* ¶¶ 323–356); (4) the New York General Business Law, Art. 22-A,

1  § 349, *et seq.* (claim 6) (*id.* ¶¶ 357–379); and (5) the New Jersey Consumer Fraud
2  Act, NJSA 56:8-1, *et seq.* (claim 7) (*id.* ¶¶ 380–402).  Plaintiffs request injunctive
3  relief against Ms. Kardashian for each of these claims.  (*Id.* ¶¶ 229, 266, 301, 312,
4  317, 355, 378, 401; *see also* Prayer for Relief at D, F.)  Plaintiffs further assert a
5  claim against Ms. Kardashian for unjust enrichment or restitution (claim 14)
6  (*id.* ¶¶ 517–522).[2]

7  Plaintiffs again assert separate state securities law claims against **other**
8  Defendants.  (*Id.* ¶¶ 403–516 (California Corporate Securities Law of 1968, Cal.
9  Corp. Code §§ 25110, 25503, 25400, 25500, 25401, 25501, 25402, 25403, 25504,
10  and 25504.1; Florida Securities and Investor Protection Act, Fl. Stat. § 517.07).)
11  Plaintiffs do not assert these claims against Ms. Kardashian. (*Id.*)  Nonetheless,
12  Plaintiffs invoke these claims in their UCL claims against Ms. Kardashian.
13  (*Id.* ¶¶ 225, 262, 298 (alleging that if their "state securities and consumer law claims
14  are found to be inapplicable" to Ms. Kardashian, "Plaintiffs will be unable to obtain
15  monetary damages in an amount that would make [them] whole").)

16  **III.   LEGAL STANDARDS**

17  Rule 12(b)(1) allows a defendant to move for dismissal on grounds that the
18  court lacks subject-matter jurisdiction under Article III. Fed. R. Civ. P. 12(b)(1); *see*
19  *also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-
20  matter jurisdiction, the court must dismiss the action.").  To establish Article III
21  standing, a plaintiff must allege "(1) . . . an injury in fact, (2) that is fairly traceable
22  to the challenged conduct of the defendant, and (3) that is likely to be redressed by a
23  favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)
24  (citations omitted).  "[A] plaintiff must demonstrate standing separately for each
25  form of relief sought."  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,

---

[2] Plaintiffs have misnumbered some of their claims under Florida law and the California Corporations Code.  They bring fourteen claims in total, but only eight against Ms. Kardashian.  Ms. Kardashian uses correct (*i.e.*, consecutive) numbering in describing the causes of action herein.

528 U.S. 167, 185 (2000).

A federal court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient, *id.* at 555, and a complaint must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ARGUMENT

### A. Plaintiffs Still Fail to Plead Article III Standing to Seek Injunctive Relief Against Ms. Kardashian.

The Court previously dismissed Plaintiffs' request for injunctive relief because Plaintiffs provided no allegations of an "imminent or actual [ ] threat of future harm." (Second MTD Order at 79.) Far from fixing these pleading defects by alleging supporting ***facts***, the TAC alleges the same conclusory allegations that the Court has already rejected and otherwise adds contradictory allegations, dooming Plaintiffs' third attempt to demonstrate standing. Because Plaintiffs still "fail to allege any genuine threat of future harm" from Ms. Kardashian, (*id.*), the Court should dismiss without leave to amend their request for injunctive relief for lack of Article III standing.

To start, Plaintiffs still rely on impermissibly vague and conclusory allegations of "ongoing" conduct by Ms. Kardashian. *See EduMoz, LLC v. Republic of Mozambique*, No. CV 13-02309, 2015 WL 13697385, at *20 (C.D. Cal. Apr. 20, 2015) (rejecting "vague and conclusory" allegations of a purported threat of recurring violation). For example, the TAC makes the bare assertion that Ms. Kardashian's "promotional activities are ongoing and continue to this date," (TAC ¶ 318), but Plaintiffs again allege ***wholly past posts*** by Ms. Kardashian ***over two years ago***,

(*id.* ¶¶ 137 (May 30, 2021 Instagram story), 156 (June 14, 2021 Instagram story). This past conduct does not suffice to establish Article III standing to seek injunctive relief. *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief[.]"). Plaintiffs simply do not allege any facts showing ongoing "promotional activities" of the EMAX Token by Ms. Kardashian. (TAC ¶ 318.)

Unable to allege ongoing conduct, Plaintiffs shift gears. They profess a "thwarted desire" to purchase more EMAX Tokens at some unspecified point in the future, but assert that they will not be able "to rely on EMAX Token or any other cryptocurrency-related advertising by Kardashian in the future." (*Id.* ¶ 316.) Plaintiffs' allusion to their "thwarted desire" is a meritless attempt to rely on *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), to cure their defective allegations. *Davidson* requires that Plaintiffs plead "***plausible*** allegations" of a "threat of future harm," not merely a purportedly thwarted desire to make a future purchase. *Id.* at 969–70 (emphasis added). Plaintiffs make no factual allegations showing that Ms. Kardashian will promote "other" unspecified "cryptocurrenc[ies]" in the future, or is likely to do so. (TAC ¶ 316.) Nor do they allege any facts showing that Ms. Kardashian will promote or is likely to promote the EMAX Token in the future. The absence of such allegations is fatal to Article III standing, as this Court has already made clear. (Second MTD Order at 79 ("Plaintiffs fail to allege any genuine threat of future harm, whether that be in the form of a thwarted desire to purchase additional Tokens or any other cognizable theory").)

Plaintiffs' "alternative[]" allegation that they "might purchase EMAX Tokens in the future," (TAC ¶ 316), is also insufficient to demonstrate Article III standing. "[T]hreatened injury must be *certainly impending*" to satisfy Article III. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted). "[A]llegations of *possible* future injury are not sufficient." *Id.* (internal quotation marks omitted). Plaintiffs' pure speculation about their possible future conduct at

some unspecified date cannot show any cognizable injury under Article III.

In short, Plaintiffs have not cured their prior pleading deficiencies identified by the Court, and all requests for injunctive relief against Ms. Kardashian should be dismissed without leave to amend.

### B. Plaintiffs Cannot State UCL Claims Against Ms. Kardashian for Alleged Violations of State Securities Laws.

The TAC's first cause of action alleges a claim against "all Defendants" under the UCL's unlawful prong. (TAC ¶¶ 196–229.) Plaintiffs note that violations of certain other state consumer laws may constitute a predicate violation under the UCL. (*See id.* ¶ 202 (noting Consumer Law claims 4–7).) However, the first cause of action in the TAC was also amended to include the following:

> In the event that Plaintiffs' state ***securities* . . . *law claims*** are found to be inapplicable to the wrongdoing alleged herein against Defendant Kardashian, Plaintiffs will be unable to obtain monetary damages in an amount that would make Plaintiffs and the members of the Class whole.

(*Id.* ¶ 225 (emphasis added); *see also* ¶¶ 262, 298 (alleging same).) This allegation implies that Plaintiffs *are* asserting a UCL claim against Ms. Kardashian based on alleged violations of state securities laws. That claim should be rejected.

***First***, as Defendants previously briefed to the Court, (ECF No. 119 at 6–7), the UCL does not apply to claims involving securities transactions. *See Bowen v. Ziasun Techs., Inc.*, 116 Cal. App. 4th 777, 788 (2004), *as modified on denial of reh'g* (Apr. 7, 2004); *Scala v. Citicorp Inc.*, No. C 10-03859 CRB, 2011 WL 900297, at *7 n.7 (N.D. Cal. Mar. 15, 2011) (UCL does not reach "misrepresentations and omissions that occurred 'in connection with' the purchase or sale of covered securities"); *San Francisco Residence Club, Inc. v. Amado*, 773 F. Supp. 2d 822, 834 (N.D. Cal. 2011) (dismissing UCL claims because "plaintiffs' theory unavoidably focuses on the purchase of securities, and *Bowen* is determinative"). The Court allowed Plaintiffs' state consumer law claims, including the UCL claim, to proceed

only *in the alternative*. (Second MTD Order at 33 ("At this stage, the Court will not dismiss wholesale the State Consumer Law claims but will instead construe the State Consumer Law claims as pled in the alternative to the extent they appear to directly involve a potential securities transaction.").) Plaintiffs' amended language in the TAC is an improper attempt to circumvent the Court's precise ruling by directly predicating their UCL claim on violations of securities laws, which would necessarily involve a potential securities transaction.

**Second**, and as independent ground for dismissal, the TAC, like Plaintiffs' prior complaint, does not specifically allege any state securities law claims against Ms. Kardashian. (*Compare* SAC ¶¶ 367–376, 385–489, *with* TAC ¶¶ 403–516.) Nor does the TAC allege **any** facts about Ms. Kardashian's alleged role or involvement in the purported securities law violations. Plaintiffs' attempt to use their UCL claim against Ms. Kardashian as a backdoor for securities law claims cannot survive these basic pleading deficiencies. *See* Fed. R. Civ. P. 8(a); *Gardiner v. Walmart Inc.*, No. 20-CV-04618-JSW, 2021 WL 2520103, at *8 (N.D. Cal. Mar. 5, 2021) (where plaintiff fails to allege predicate violation, "the UCL unlawful claim must also be dismissed"); *cf. Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1186 (2012) ("Neither [defendant] nor the court [is] required to guess the predicate for the UCL cause of action.").

## V.   CONCLUSION

For the foregoing reasons, Ms. Kardashian requests that the Court (i) dismiss without leave to amend Plaintiffs' requests for injunctive relief against her and (ii) dismiss with prejudice the TAC's first cause of action against her to the extent it is predicated on alleged violations of state securities laws.

| | |
|---|---|
| Dated: August 1, 2023 | COOLEY LLP<br><br>By: /s/ Michael G. Rhodes<br>　　　Michael G. Rhodes<br><br>*Attorneys for Defendant*<br>*Kim Kardashian* |

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Kim Kardashian, certifies that this brief contains 2,287 words, which:

X complies with the word limit of L.R. 11-6.1.

Dated: August 1, 2023                    COOLEY LLP


                                         By: */s/ Michael G. Rhodes*
                                              Michael G. Rhodes