# EXHIBIT 11

At IAS Part 48 of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse, 60 Centre Street, Room 242, New York, New York 10007 on this 2d day of June 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LCX AG,

    Plaintiff,

-against-

JOHN DOE NOS. 1-25,

    Defendants.

Index No. 154644/2022

**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

01

    Upon reading the filing by Plaintiff LCX AG (LCX) of the Summons and Complaint, Affidavit of Monty Metzger, dated June 1, 2022, together with the exhibits attached thereto, the Affirmation of Andrew W. Balthazor, dated June 1, 2022, together with the exhibit attached thereto, the Affirmation of Elliot A. Magruder, dated June 1, 2022, and the memorandum of law in support of this request for emergency relief by order to show cause for a preliminary injunction, and a temporary restraining order pending the hearing on the preliminary injunction, pursuant to Civil Practice Law and Rules (CPLR) 6301, 6312 and 6313 and hearing wherein plaintiff asserts that it will suffer immediate and irreparable injury in the event that Defendants John Doe Nos. 1-25 (collectively, Defendants) are able to sell, transfer, convey or otherwise dissipate cryptocurrency allegedly stolen from Plaintiff by Defendants; and

    Let Defendants, or their attorneys, show cause before this Court, in Room 242, 60 Centre Street, New York, New York 10007 (VIA TEAMS-see attached), on June 23, 2022, at 2:15 p.m., or as soon thereafter as counsel may be heard, why an order should not be issued: (1) preliminarily enjoining during the pendency of this action the Defendants from disposing of, processing, routing, facilitating, selling, transferring, encumbering, removing, paying over, conveying or otherwise interfering with Defendants' property, debts, accounts, receivables, rights of payment, or tangible or intangible assets of any kind, whether such property is located inside or outside of the United States, including, but not limited to, the cryptocurrency known as USD Coin (USDC) held in the wallet with the address numbered 0x29875bd49350aC3f2Ca5ceEB1c1701708c795FF3 (the Address); and (2) directing

Centre Consortium, LLC (CCL) to deny access to the Address pursuant to the Centre Consortium USDC Network Access Denial Policy (the Policy); and it is further

ORDERED that Holland & Knight LLP, Plaintiff's attorneys, shall serve a copy of this Order to Show Cause, together with a copy of the papers upon which it is based, on or before June 8, 2022, upon the person or persons controlling the Address via a special-purpose Ethereum-based token (the Service Token) delivered—airdropped—into the Address. The Service Token will contain a hyperlink (the Service Hyperlink) to a website created by Holland & Knight LLP, wherein Plaintiff's attorneys shall publish this Order to Show Cause and all papers upon which it is based. The Service Hyperlink will include a mechanism to track when a person clicks on the Service Hyperlink. Such service shall constitute good and sufficient service for the purposes of jurisdiction under NY law on the person or persons controlling the Address; and it is further

ORDERED that Plaintiff's attorneys shall serve a copy of this Order to Show Cause, together with a copy of the papers upon which it is based, on or before June 3, 22, 2022: upon: (a) Centre Consortium, LLC by email to George Kroup, Esq., Law Offices of John F. Baughman, 299 Broadway, Suite 1816, New York, NY 10007, at gkroup@jfblegal.com and (b) Circle Internet Financial LLC via overnight mail and registered mail at its registered agent CT Corporation, 28 Liberty Street, New York, New York 10005; and it is further

ORDERED that, pending argument on the motion for a preliminary injunction, a Temporary Restraining Order, pursuant to CPLR 6313, shall be entered: (1) prohibiting Defendants, from disposing of, processing, routing, facilitating, selling, transferring, encumbering, removing, paying over, conveying or otherwise interfering with Defendants' property, debts, accounts, receivables, rights of payment, or tangible or intangible assets of any kind, whether such property is located inside or outside of the United States, including, but not limited to, the USDC held at the Address until further order of the court; and (2) directing CCL to deny access to the Address pursuant to the Policy, until further order of the court; and it is further

*TRO*
*an*
*6/2/22*

ORDERED, that opposing papers, if any, to this motion shall be filed in NYSCEF and served via email to warren.gluck@hklaw.com, and elliot.magruder@hklaw.com, so as to be received on or before June 15, 2022, and reply papers, if any shall be filed in NYSCEF and served by email if an email is provided on or before June 22, 2022.

Dated: New York, New York
       June 2, 2022

ORDERED

Andrea Masley, J.S.C.

## ADDENDUM TO ALL ORDERS TO SHOW CAUSE FOR PART 48
## AS OF MARCH 1, 2022

1. All appearances will be virtual using TEAMS which will be arranged by the Court. Participants in TEAMS are encouraged to download the application, instead of using a browser, and test it to ensure the highest quality appearance. Please email SFC-Part48@nycourts.gov if you would like to participate or listen. DO NOT COME TO COURT.

2. If there is no opposition, there will be no argument unless the court orders otherwise. However, applications to withdraw as counsel shall proceed even in the absence of opposition and the client must appear unless new counsel has been engaged.

3. Do not deliver paper copies to the court. All papers shall be filed in NYSCEF.

4. For the public, members of the press, and student interns, please email SFC-Part48@nycourts.gov to indicate your interest in listening to the proceedings. Such requests must be made at least 48 hours before the proceeding.

5. For orders to show cause for withdrawal of counsel, counsel shall file in NYSCEF proof of service on the client. The client is referred to the New York City Bar Association, Legal Referral Service for assistance in engaging a new attorney, 212-626-7373. Individual parties may represent themselves. Business entities, e.g. corporations, must appear by counsel.

6. Affidavits of service of the OSC shall be filed in NYSCEF at least 24 hours before the argument.

7. Parties shall read Part 48 rules and use NYSCEF numbers to reference documents filed in the docket.
http://ww2.nycourts.gov/courts/comdiv/ny/newyork_judges_links.shtml#masley

8. FOR ALL ORDERS TO SHOW CAUSE WHERE THE CASE IS NEWLY INITIATED AND PROCESS HAS YET TO BE SERVED, SERVICE OF PROCESS IS TO BE MADE OR ATTEMPTED IMMEDIATELY CONSISTENT WITH THE CPLR, BCL OR ANY AND ALL AGREEMENTS. SERVICE OF PROCESS IS NECESSARY FOR THE COURT TO OBTAIN JURISDICTION TO HEAR THIS CASE.