UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 22-00163-MWF (SKx) | Date: June 4, 2025 |
| Title: | In Re Ethereummax Investor Litigation | |

| | |
|---|---|
| Present: | The Honorable MICHAEL W. FITZGERALD, U.S. District Judge |

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING IN PART AND DENYING IN PART APPLICATIONS TO FILE UNDER SEAL [240] [254] [262]

Before the Court are three unopposed applications to file under seal (collectively the "Applications"):

- Plaintiff's Application to Seal (the "First Sealing Application" (Docket No. 240)), filed on February 11, 2025, which seeks to seal: 1) Exhibits 1 to 7 to the Declaration of John T. Jasnoch (Docket Nos. 243-1–243-7); and 2) references to Exhibits 1 to 7 in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Class Certification (Docket No. 242-1).

- Defendant Kimberly Kardashian's Application to Seal (the "Second Sealing Application" (Docket No. 254)), filed on April 28, 2025, which seeks to seal: 1) references to personal financial information in Defendant Kardashian's Opposition to Plaintiff's Motion for Class Certification (Docket No. 253); and 2) references to personal financial information in Exhibit A to the Declaration of Matthew D. Caplan (Docket No. 253-2).

- Plaintiff's Application to Seal (the "Third Sealing Application" (Docket No. 262)), filed on May 28, 2025, which seeks to seal: 1) Exhibits A to H to the Declaration of John T. Jasnoch in Support of Plaintiffs' Replies in Support of Motion for Class Certification (Docket Nos. 263-1–263-8); and 2) references to Exhibits A to H in Plaintiff's Reply Briefs in Support of their Motion for Class Certification (Docket Nos. 258–261).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.  CV 22-00163-MWF (SKx)** | **Date:  June 4, 2025** |
| **Title:**     In Re Ethereummax Investor Litigation | |

"In this circuit, we start with a strong presumption in favor of access to court records.  The common law right of access, however, is not absolute and can be overridden[.]" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted).  Historically, a party seeking to seal documents attached to a motion for class certification must show "compelling reasons" for doing so.  *Palmer v. Cognizant Tech. Sols. Corp.*, No. CV 17-06848-DMG (PLAx), 2022 WL 22891321, at *1 (C.D. Cal. July 1, 2022) (applying the compelling reasons standard to a motion to seal documents relating to class certification because the motion at issue need not be "literally dispositive" in order to apply the more stringent standard, when the motion involves issues that are "more than tangentially related to the underlying cause of action" (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016)).

Under the compelling reasons standard, the party requesting a seal must show "compelling reasons supported by specific factual findings . . . [which] outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  It is not enough to assert that documents are highly confidential; this standard is invoked even if the motion, or its attachments, "were previously filed under seal or protective order." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The Court appropriately seals records when they "might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097.  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Upon review of the Applications, the Court concludes that the compelling reason standard is satisfied in only a few of the requests.  Redactions regarding personally identifiable information, such as telephone numbers or cryptocurrency addresses, are proper because disclosure would harm the parties by forcing them to reveal sensitive personal information or to reveal sensitive information regarding their finances.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (unpublished) (reversing the district court's refusal to seal information regarding pricing terms, royalty rates,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-00163-MWF (SKx) | **Date:** June 4, 2025 |
| **Title:** In Re Ethereummax Investor Litigation | |

and other financial information); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (collecting cases sealing personally identifying information, including phone numbers). While the parties claim that the material sought to be sealed contains personally identifiable information and personal financial information, the proposed redactions are overbroad and misaligned with the articulated reasoning as they redact significantly more than just personally identifiable information.

The parties further reason that the proposed redactions contain information designated as Confidential in discovery pursuant to the Stipulated Protective Order (Docket No. 238). However, the fact that the documents were originally produced in discovery pursuant to a Protective Order does not mean those documents must be sealed as a matter of course. *Kamakana*, 447 F.3d at 1179. Because the parties fail to cite any cases or articulate another basis for sealing this content, other than being pursuant to the Protective Order, the Court concludes that a compelling reason has not been adequately set forth.

Here, the Court determines there are compelling reasons to redact telephone numbers, email addresses, transaction hashes, cryptocurrency addresses, token values, numbers of coins, and other information that can be used to target the parties' financial accounts or gain personal financial or identifiable information about the parties. However, the Court concludes there are no compelling reasons to blanket seal exhibits across the board. Contents of text messages between the parties regarding social media influence, payment requests, and conversations about mundane activities like joining meetings do not reach the standard of inciting public spite or other possible compelling reasons.

Similarly, conversations in which the parties opine that the cryptocurrency is a scam, for instance, while embarrassing, do not reach the standard of promoting public scandal or revealing business information. In the context of this action, these are substantive and material documents that strike at the heart of potentially dispositive matters. Further, while monetary values of accounts may be sealed, information regarding dates of transactions, payment for promotions, and graphics indicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-00163-MWF (SKx)          Date:  June 4, 2025
Title:   In Re Ethereummax Investor Litigation

trading progressions of Plaintiffs do not satisfy the compelling reasons standard as these are also material. While the Court acknowledges the parties' collective effort to confer pursuant to Local Rule 79-5, the parties' redactions are overly broad and cannot be justified under the compelling reasons standard.

Accordingly, the Applications are **GRANTED** *in part* and **DENIED** *in part*.

The First Sealing Application is granted and denied as follows:

| Document | Resolution |
| --- | --- |
| Exhibit 1 to the Declaration of John T. Jasnoch (Docket No. 241-2) | Granted only as to redacting phone numbers, email addresses, transaction hashes, and personal wallet information (including monetary values). |
| Exhibit 2 to the Declaration of John T. Jasnoch (Docket No. 241-3) | Granted only as to redacting phone numbers, email addresses, transaction hashes, and personal wallet information (including monetary values). |
| Exhibit 3 to the Declaration of John T. Jasnoch (Docket No. 241-4) | Granted only as to redacting phone numbers, email addresses, transaction hashes, and personal wallet information (including monetary values). |
| Exhibit 4 to the Declaration of John T. Jasnoch (Docket No. 241-5) | Granted only as to redacting phone numbers and token amounts. |
| Exhibit 5 to the Declaration of John T. Jasnoch (Docket No. 241-6) | Granted only as to redacting phone numbers, email addresses, transaction hashes, and personal wallet information (including monetary values). |
| Exhibit 6 to the Declaration of John T. Jasnoch (Docket No. 241-7) | Granted only as to redacting phone numbers and personal wallet information (including monetary values). |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-00163-MWF (SKx)                                   **Date:** June 4, 2025

**Title:**      In Re Ethereummax Investor Litigation

| | |
|---|---|
| Exhibit 7 to the Declaration of John T. Jasnoch (Docket No. 241-8) | Granted only as to redacting phone numbers and personal wallet information (including monetary values). |
| Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Class Certification (Docket No. 241-1) | Denied. |

The Second Sealing Application is granted and denied as follows:

| Document | Resolution |
|---|---|
| Defendant Kardashian's Opposition to Plaintiff's Motion for Class Certification (Docket No. 255-1) | Denied. |
| Exhibit A to the Declaration of Matthew D. Caplan (Docket No. 255-2) | Granted only as to redacting transaction values (but not the entire graph as in Appendix D), wallet addresses, and transaction hashmarks. |

The Third Sealing Application is granted and denied as follows:

| Document | Resolution |
|---|---|
| Exhibit A to the Declaration of John T. Jasnoch (Docket No. 264-5) | Granted only as to redacting transaction addresses, transaction amounts, and IP addresses. |
| Exhibit B to the Declaration of John T. Jasnoch (Docket No. 264-6) | Granted only as to account monetary values at 30:9-10. |
| Exhibit C to the Declaration of John T. Jasnoch (Docket No. 264-7) | Granted only as to redacting phone numbers. |
| Exhibit D to the Declaration of John T. Jasnoch (Docket No. 264-8) | Granted only as to redacting phone numbers and personal wallet information (including monetary values). |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-00163-MWF (SKx) | Date: June 4, 2025 |
| Title: In Re Ethereummax Investor Litigation | |

| | |
|---|---|
| Exhibit E to the Declaration of John T. Jasnoch (Docket No. 264-9) | Granted only as to redacting phone numbers. |
| Exhibit F to the Declaration of John T. Jasnoch (Docket No. 264-10) | Granted, except as to names, column headings, and date of transactions. |
| Exhibit G to the Declaration of John T. Jasnoch (Docket No. 264-11) | Granted, except as to names, column headings, and date of transactions. |
| Exhibit H to the Declaration of John T. Jasnoch (Docket No. 264-12) | Denied. |
| Plaintiff's Reply Briefs in Support of their Motion for Class Certification (Docket Nos. 264-1–264-4) | Granted only as to wallet monetary values at: Docket No. 258 at 4:6, 4:14, and 5:23; Docket No. 260 at 4:1. |

The parties are ordered to refile these documents in accordance with Local Rule 79-5.2.2.

IT IS SO ORDERED.