UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-22-163-MWF (SKx) | Date:  October 16, 2025 |
| Title: In Re Ethereummax Investor Litigation | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiffs:
None Present

Attorneys Present for Defendants:
None Present

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL [289]

Before the Court is Spertus, Josephs & Minnick, LLP's ("SJM") Motion to Withdraw as Counsel for Defendant Floyd Mayweather Jr., filed on September 22, 2025.  (Docket No. 289).  No opposition or reply was filed.

The Motion was noticed to be heard on **October 20, 2025**.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**.

Whether to grant an application to withdraw is a matter within the Court's discretion.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  Under the Local Rules, a motion for withdrawal has both procedural and substantive requirements.

***Procedural Requirement***: A "motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action."  Local Rule 83-2.3.2.  The Court concludes that this requirement is met based on Samuel A. Josephs's declaration stating that he provided Defendant Mayweather with written notice of his firm's intent to withdraw.  (Declaration of Samuel A. Josephs ("Josephs Decl.") (Docket No. 289-1) ¶¶ 6-7).  All

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-22-163-MWF (SKx) | **Date:** October 16, 2025 |
| **Title:** In Re Ethereummax Investor Litigation | |

other parties who have appeared in this case were also notified via email on the date of the Motion's filing. (*Id.* ¶ 7).

***Substantive Requirement***: Withdrawal must also be supported by "good cause." *Id*. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." Local Rule 83-2.3.5. In determining whether there is good cause, courts often weigh the following four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice[;] and (4) the degree to which withdrawal will delay the resolution of the case." *Kazovsky v. Metrocities Mortgage, LLC*, CV 11-06079-ODW (FMOx), 2012 WL 8747557, at *1 (C.D. Cal. June 4, 2012) (citation omitted).

In assessing the reasons for withdrawal, the Court looks to California Rules of Professional Conduct. *See Stewart v. Boeing Co.*, No. CV 12-05621-RSWL (AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) ("Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation."); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation."). Under the California Rules, withdrawal is proper if the clients' "conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d).

Here, counsel indicate that there has been a breakdown in communication with their client since filing Defendant Mayweather's Opposition to Plaintiffs' Motion for Class Certification. (Motion at 5). This breakdown in communication has prevented counsel from, among other things, advising their client, making strategy decisions, obtaining client authority, and responding to discovery. (Josephs Decl. ¶ 5). Moreover, according to counsel's declaration, Defendant has failed to pay his attorneys' fees. (Motion at 6; Josephs Decl. ¶ 6). The Court is satisfied that these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-22-163-MWF (SKx) | **Date:** October 16, 2025 |
| Title: In Re Ethereummax Investor Litigation | |

circumstances render it "unreasonably difficult" for counsel to perform their duties. *See* Cal. R. Prof. Conduct 3-700(C)(1)(d); *see also* Cal. R. Prof. Conduct 1.16(b)(5) (permitting withdrawal where the client materially breaches an agreement with the attorney related to the attorney's representation of the client); *Fabricant v. Fast Advance Funding, LLC*, No. CV 17-05753-AB (JCx), 2018 WL 6927809, at *2–3 (C.D. Cal. June 26, 2018) (concluding that a breakdown in communication constitutes good cause to withdraw as counsel); *STO Home Delivery, Inc. v. Blue Package Delivery, LLC*, No. CV 19-00314-SB (JEMx), 2021 WL 2594822, at *1–2 (C.D. Cal. Jan. 26, 2021) (finding that a client's failure to pay fees can support a finding of good cause to withdraw).

With respect to the remaining factors, permitting withdrawal will not prejudice the other litigants, harm the administration of justice, or significantly delay the adjudication of Plaintiffs' claims. Given the lack of opposition and a trial date set for July 28, 2026, the Court concludes that withdrawal at this time would be significantly more beneficial to everyone involved than forcing counsel to continue their representation despite the breakdown of the attorney-client relationship.

Accordingly, the Motion is **GRANTED**. Spertus, Josephs & Minnick, LLP is **ORDERED** to serve this Order on Defendant Mayweather and thereafter file a proof of service no later than **October 24, 2025**. After filing the proof of service, counsel is **GRANTED LEAVE** to withdraw and will be deemed withdrawn as counsel of record. The docket shall reflect the withdrawal.

To avoid prejudice to the parties, the Court orders the action **STAYED** for 21 days from the date of filing of this Order to provide Defendant Mayweather time to secure new counsel. Because this Motion is the second such motion to withdraw filed by counsel for Defendant Mayweather, the Court will be reluctant to modify the deadlines any further to accommodate the appearance of any new counsel for Defendant Mayweather.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-22-163-MWF (SKx)**                              Date:  October 16, 2025
Title: In Re Ethereummax Investor Litigation

    The Court notes that Defendant may represent himself if he does not retain new counsel.  Parties in court without a lawyer are called "*pro se* litigants."  These parties often face special challenges in federal court.  Public Counsel runs a free Federal Pro Se Clinic where *pro se* litigants can get information and guidance.  The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012.  *Pro se* litigants must call or submit an on-line application to request services as follows:  on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.