John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-236-0508

*Attorney for Class Representatives and the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ETHEREUMMAX INVESTOR LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 2:22-cv-00163-MWF-SK<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**<u>CLASS ACTION</u>**<br><br>**CLASS REPRESENTATIVES' NOTICE OF MOTION AND MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>Judge: Honorable Steve Kim<br>Date: April 15, 2026<br>Time: 10:00 AM<br>Place:  Edward R. Roybal Federal Building and United States Courthouse, Courtroom 540<br><br>Complaint Filed: January 7, 2022<br>Trial Date: February 23, 2027 |

**NOTICE IS HEREBY GIVEN** that on April 15, 2026, at 10:00 AM in Courtroom 540 of this Court, located at 255 East Temple Street, Los Angeles, CA 90012, Class Representatives will move before the Honorable Magistrate Judge Steve Kim, before whom all discovery issues in this matter have been assigned, for an Order against Defendant Floyd Mayweather, Jr. ("Defendant") requiring Defendant to provide answers and produce documents responsive to Class Representatives' Requests for Production of Documents, as well as provide responses to Class Representatives' Interrogatories.  Lead Plaintiff also requests an award of reasonable costs and attorney's fees pursuant to Fed. R. Civ. P. 37(d). Finally, Lead Plaintiff requests declaratory relief that in the event of Defendant's continued non-compliance, a default judgement will be rendered and the facts alleged in the Third Amended Complaint will be accepted "as established" as to Defendant in accord with Fed. R. Civ. P. 37(b).

This motion is based on the motion to compel below, Declaration of John Jasnoch, Counsel for Class Representatives, attached exhibits, and all pleadings and filings in this action, as well as other matters as the Court deems proper.  This motion is made following the continuing failure of Defendant to engage in or respond whatsoever to Class Representatives' requests for a conference to discuss the issues detailed herein pursuant to Local Rule 37-1.

Dated: March 24, 2026          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**


                               s/ *John T. Jasnoch_ _ _ _ _ _ _ _ _ _ _ _ _ _*
                               John T. Jasnoch

                               *Attorney for Class Representatives and the Class*

2

## I.    INTRODUCTION

Class Representatives Ryan Huegerich, Jonathan Semerjian, Nabil Nahlah, Till Freeman, Marko Ciklic, Tunisia Brignol, Milan Puda, Neil Shah, Michael Buckley, and Christopher DeLuca ("Class Representatives"), by and through their undersigned counsel respectfully seek an order compelling Defendant Floyd Mayweather ("Defendant" or "Mayweather") to respond to Class Representatives' duly served interrogatories and requests for production.

This case concerns Defendant's role in the promotion of the EthereumMax token ("EMax").   Discovery directed to Defendant's communications, compensation, and promotional activities is plainly relevant and proportional. Despite the passage of an extensive amount of time, Defendant Mayweather has failed to provide any substantive interrogatory responses and has only produced a handful of documents, none of which adequately address the requests.  Mayweather has also failed to justify his noncompliance or identify any valid objections that would excuse his refusal to participate in discovery.

Defendant Mayweather's failure to respond has stalled discovery and prejudiced Class Representatives' ability to prosecute their claims.   An order compelling responses and compensation for Class Representatives' time and cost incurred as a result is therefore warranted.

## II.    FACTUAL BACKGROUND

On March 14, 2024, Class Representatives served requests for production of documents on Defendant (Exhibit A).  On April 29, 2024, Defendant Mayweather served general objections to Plaintiffs' Discovery Requests (Exhibit B).  On May 17, 2024, Mayweather responded with Supplemental Responses that included only non-specific objections and no agreement to produce any documents (Exhibit C). Subsequent attempts to connect with Mayweather's attorneys regarding the responses, productions and objections were not fruitful.  On April 29, 2024, the original counsel for Defendant Mayweather filed a motion to withdraw as counsel.

1

Dkt. No. 216. On August 12, and 13, 2024, four new attorneys filed an appearance on behalf of Mayweather. Class Representatives' followed up on the production of documents with the new counsel. But these renewed attempts were similarly ignored, and the attorneys also withdrew from the case. They were replaced by attorneys with the Spertus law firm who, in turn, have also filed a motion to withdraw as of October 2025. As it stands now, Defendant Mayweather is currently proceeding *pro se* in the matter.[1]

On May 21, 2025,—over a year after service of the request for production of documents—Mayweather finally produced a mere five pages of documents. Acknowledging this was insufficient, on June 6, 2025, Counsel for Defendant advised that substantial completion of documents could be made by August 8, 2025. Plaintiffs followed up with Defendant Mayweather's counsel on August 19, 2025, and September 8, 2025, with a response coming on September 9, 2025, assuring Plaintiffs that some documents would be able to be produced "later this week". Despite this promise, no additional documents have been produced.

On September 5, 2025, Plaintiffs served Defendant Mayweather with interrogatories and additional requests for production seeking basic information regarding his promotion of EMax, including his communications with EMax and related parties, the nature and amount of compensation he received, and documents regarding his promotional activities (Exhibit D). On September 22, 2025, Plaintiffs were made aware that Counsel for Defendant Mayweather were moving to withdraw from the case, with no guidance on if or when answers or objections to the interrogatories would be provided. Again, this leaves Defendant Mayweather currently pro se, having not fulfilled his obligations under the rules to respond to Plaintiffs' interrogatories nor provided guidance on his intentions.

---

[1]   Notably, as Mayweather's contact information is unknown, the Spertus law firm has been ordered to continue accepting service on his behalf. (Dkt. No. 293).

2

Over the past two years Plaintiffs have made numerous good faith attempts to meet and confer with a host of attorneys and obtain Defendant Mayweather's compliance without court intervention.   These efforts have been unsuccessful, leaving Plaintiffs no choice but to seek relief from the Court.

## III.    LEGAL STANDARD

Rule 33 of the Federal Rules of Civil Procedure covers interrogatories and responses thereto. Pursuant to Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."   Rule 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity."   Rule 33(b)(4); *Integrated Sports Media & Ent. PPV, LLC v. Livecast 365, LLC*, 2023 WL 12218660 at *22-23 (C.D. Cal. June 9, 2023) (Defendant's failure to comply with Rule 33 and 34 obligations resulted in waiver of objections, compelling of answers, award of attorney's fees and sanctions, as well as declaration that noncompliance would result in alleged facts being accepted "as established" and/or a default judgement being rendered against Defendants); *Huang v. Big Data Supply Inc.*, 2021 WL 4816827 at *3-7 (C.D. Cal. Aug. 12, 2021). General or boilerplate objections are improper.   *See In re Delta Air Lines, Inc.*, 2022 WL 18277054, at *2 (C.D. Cal. Nov. 18, 2022) (Kim, M.J.) (citing *Evox Prods. v. Kayak Software Corp.*, 2016 WL 10586303, at *4 (C.D. Cal. June 14, 2016).

Federal Rule of Civil Procedure 34 governs requests for production of documents. *See* Fed. R. Civ. P. 34(a). Specifically, under Rule 34(a)(1), a party may serve on any other party requests, within the scope of Rule 26(b), to produce or permit inspection of, any designated documents or electronically stored information within their possession, custody of control. *Livecast 365, LLC*, at *22.   The party responding to a request for production must, "conduct a reasonable inquiry into the factual basis of its responses to discovery, and based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject

3

to its control." *Id.*. Furthermore, within "30 days of service" of the requests for production, the responding party must "as to each item or category, either: (1) state that the inspection will be permitted/production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection." *Id.* at 23; Fed. R. Civ. P. 34(b)(2)(A)-(C). If the responding party states that it will produce documents, such production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* at 23; Fed. R. Civ. P. 34(b)(2)(B).

This Court has recognized that vague assertions that documents will be produced without also providing a date certain by which the document production will be completed is improper. *See, e.g.*, *In re Delta Air Lines*, 2022 WL 18277054, at *2; *A.J.C. v. San Diego Fam. Hous., LLC*, 2021 WL 6427651, at *3 (C.D. Cal. Oct. 15, 2021) (Kim, M.J.) (noting that "responses to document requests must include deadlines for production(s) of nonprivileged, responsive documents" and the failure to include that deadline violates Rule 34); *Mass. Mut. Life Ins. Co v. Reingold*, 2020 WL 12016704, at *1 (C.D. Cal. Jan. 31, 2020) (Kim, M.J.) (same). A lack of response from responding parties on whether they are withholding responsive documents based on specific objections is likewise inappropriate. *See In re Delta Air Lines*, 2022 WL 18277054, at *2 (citing *Grodzitsky v. Am. Honda Motor Co.*, 2017 WL 2616917, at *3 (C.D. Cal. June 13, 2017)). If a party fails timely to object to discovery requests, such a failure generally constitutes a waiver of any objections which a party might have to the requests. *Id.; See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Further, "[a]ny responsive documents produced late without good reason for why it was not searched for and produced sooner may subject the responding parties to sanctions' under Rules 37(b), 37(c), and 26(g)." *Daniels v.*

4

*Securitas Sec. Servs. USA, Inc.*, 2021 WL 6499981, at \*1 (C.D. Cal. Nov. 4, 2021) (Kim, M.J.).  Finally, if a responding party is withholding any responsive documents based on an asserted evidentiary privilege, they must provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A).  *Id.*

Under Rule 37(a), a motion to compel is appropriate when a party fails to answer interrogatories pursuant Rule 33 and/or to produce relevant, non-privileged documents requested pursuant to Rule 34.  *Beeman v. Anthem Prescription Mgmt., Inc.*, 2017 WL 5564535, at \*2 (C.D. Cal. Nov. 17, 2017) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond" under Fed. R. Civ. P. 37(a)(4)).  Additionally, when such motions are warranted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  *Id.*; *see also Campari Am. LLC v. Capcabo LLC*, 2024 WL 5424367, at \*1 (C.D. Cal. Nov. 5, 2024) (Kim, M.J.) (awarding monetary discovery sanctions for failure to timely respond under Rule 34(b)(2)(A) and Local Rule 37).

Courts in this District routinely grant motions to compel where a party fails to provide timely or substantive responses to discovery requests.  *See, e.g.*, *id.*; *Hightower v. S. California, Permanente Grp.*, 2022 WL 18277256, at \*3 (C.D. Cal. Nov. 30, 2022) (granting motion to compel responses to both interrogatories and requests for production due to responding party's failure to timely/adequately respond); *D.U. v. United States Marshals*, , 2023 WL 4157473, at \*2 (C.D. Cal. May 5, 2023) (same);  *Ransom v. Lee*, 2018 WL 5869659, at \*2 (C.D. Cal. June 29, 2018) (same).

## IV.    ARGUMENT

Prior to filing any motion to compel with the court, Federal Rule of Civil Procedure 37(a)(1) requires that the moving party certify that "the movant has in

5

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. Furthermore, Local Rule 37-1 requires that any party seeking to file a discovery-related motion must first "confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many disputes as possible." L.R. 37-1. Meet and confer rules are in place to "encourage settlement, resolve disputes which need not involve the Court . . . thus saving the parties', the court's, and the taxpayers' limited time, money and resources." *Mull v. Motion Picture Indus. Health Plan*, 2015 WL 11233510, at *1 (C.D. Cal. Oct. 5, 2015) (*quoting Aniel v. GMAC Mortg.*, 2013 WL 2467929, at *1 (N.D. Cal. June 7, 2013)). These rules apply to those represented by counsel and those appearing *pro se* with equal force and effect. *Huang* at 8; *aPriori Techs., Inc. v. Broquard*, 2017 WL 6876191, at *3 (C.D. Cal. Oct. 31, 2017) (concluding that "*pro se* status does not relieve [defendant] of his obligations to cooperate in discovery and comply with Court Orders") (cleaned up).

Here, Class Representatives have exhausted in good faith all non-judicial methods in accordance with Rule 37 and its associated Local Rules. *See* Declaration of John Jasnoch (filed herewith). Therefore, Class Representatives hereby move the Court to acknowledge Defendant Mayweather's waiver of objections and compel him to produce the requested discovery under Federal Rule of Civil Procedure 37(a)(1) and Local Rules 37-1 – 37-4. Class Representatives further request an award of reasonable costs and fees incurred by Class Representatives' in filing this motion. Finally, Class Representatives request this Court to declare that, in the event of his continued noncompliance, it will direct the record to accept the facts alleged in the Third Amended Complaint by Class Representatives "as established" related to Mayweather or render a default judgement against him.

**a.) Class Representatives' Certify They Have Made Good Faith Attempts to Meet and Confer to No Avail**

Over this multi-year litigation, Class Representatives have made numerous

6

good faith attempts to meet with Defendant Mayweather's ever-changing menagerie of counsel to coordinate reasonable delivery of the requested productions and answers to interrogatories. To date, counsel for Defendant Mayweather has not provided a meaningful response to these requests, having only delivered five total pages of discovery in the two years since service of the requests was effectuated. Further, Defendant Mayweather is now proceeding *pro se* necessitating his personal cooperation and coordination in the meet and confer process. *Huang* at *8. But he, too, has been completely silent on the discovery requests. Finally, prior to the instant filing, Class Representatives sent one more request on February 27, 2026, to Defendant Mayweather's prior counsel (the Spiritus Firm) to meet and confer, but again no response was received. Therefore, Class Representatives certify to have exhausted the good faith attempts to confer with Defendant Mayweather in accordance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1 to no avail before filing this motion. *See* generally Jasnoch Decl. Furthermore, Class Representatives' submission that Defendant Mayweather failed to timely confer on discovery matters waives the joint submission filing requirement as contemplated by Local Rule 37-2.4(a). *See 12909 Cordary, LLC v. Berri*, 2023 WL 6785794, at *3 (C.D. Cal. Sept. 20, 2023) (finding movant had made a sufficient showing that non-movant did not confer in a timely manner, thereby "justifying Plaintiff in proceeding under Local Rules 6 and 7, rather than Local Rule 37"); *Arch Ins. Co. v. M.V.C. Enters., Inc.*, , 2023 WL 2558393, at *4 (C.D. Cal. Jan. 27, 2023) (same).

**b.) Defendant's Failure to Respond to Interrogatories Constitutes a Waiver of Objection and Warrants an Order Compelling Responses**

Defendant Mayweather has not provided any responses to Plaintiffs' interrogatories. Nor has he shown good cause to excuse such a failure to respond. This clearly violates the Rule 33(b)(4) standard that "[t]he grounds for objecting to an interrogatory must be stated with specificity." As silence is not specific, this alone is sufficient grounds for an order compelling a response. Furthermore, it has

7

been nearly six months since service of the interrogatories (service on September 2, 2025), also violating Defendant Mayweather's 30-day response requirement under Rule 33. Interrogatories seeking information about Defendant Mayweather's promotional activities, communications, and compensation go to the heart of Plaintiffs' claims and are plainly discoverable. Absent a valid objection or protective order, Defendant Mayweather is required to respond fully in writing and under oath. His failure to do so warrants an order acknowledging his waiver and compelling complete specific responses. *See Livecast 365, LLC*, at *23 (*citing Richmark Corp.*, 959 F.2d at 1473).

Finally, due to the maturity of this case and approaching trial date, Class Representatives' request the court issue a declaratory order that Defendant Mayweather's continued lack of response to the interrogatories will result in the facts alleged in the Third Amended Complaint being ruled "as established" as to Defendant Mayweather and/or entry of a default judgement against him in accord with Rule 37(b)(2)(A). *Id.* at 25.

### c.) Defendant's Non-Specific Objections and Minimal Document Production Are Inadequate Amounting to a Waiver of Objections and Warrant an Order Compelling Responses and Other Sanctions

To date, Defendant Mayweather's meager production of documents amounts to only a few pages, without any accompanying explanation or a statement that no additional responsive documents exist. This does not satisfy the "individualized, complete responses to each of the [Requests for Production] . . ., accompanied by production of each of the documents responsive to the request" required by Rule 34. *S.P. v. Cty. of San Bernardino*, 2020 WL 4335375 at *8 (C.D. Cal. May 13, 2020) (*quoting Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Additionally, neither Defendant Mayweather nor his former counsel have ever indicated that they conducted a reasonable search or that all responsive documents have been produced. Defendant Mayweather's failure to make a good faith effort to "conduct a reasonable

8

inquiry" in a timely manner or properly object to the discovery requests establishes a waiver of any objections and compels a response. *Livecast 365, LLC*, at *29; *Huang* at *6. Furthermore, where (like here) a party produces only a token number of documents in response to broad and relevant requests, compelling further production has been found to be an appropriate remedy. *See, e.g.*, *Hamilton v. Knight Transp., Inc.*, 2025 WL 1421106 (C.D. Cal. Feb. 13, 2025) (after Court determining that only a "small amount of responsive documents produced" the Court ordered declarations with detailed steps taken to obtain documents and supplemental discovery). Finally, to date, Defendant Mayweather has not produced a privilege log that either identifies the documents (if any) he has withheld from production or tethers a specific withheld document to a specific privilege.

In summary, Defendant Mayweather has failed to (1) meaningfully respond to Class Representatives' appropriate requests for relevant documents, (2) raise specific and timely objections to such requests, (3) provide a privilege log for any withheld documents; and/or (4) even confirm that they have conducted and completed a reasonable search for responsive documents. As such, Plaintiffs submit that Court should order both that any objections by Defendant Mayweather on this issue have been waived and that Defendant Mayweather be compelled to deliver complete responses within fourteen (14) days to prevent further prejudice in this very mature case.

In addition, Class Representatives' request that the Court issue a declaratory order containing similar language as found in the concluding paragraph of the Jun 9, 2023 order in the *Livecast 365* matter. *See* 2023 WL 12218660 at *13. There, the court provided the following warning that:

> "any failure to comply with this Order and/or any further failure to comply with their discovery obligations will subject them to potential additional monetary sanctions and non-monetary sanctions, as provided in Fed. R. Civ. P. 37(b)(2), including the issuance of a recommendation or order (1) directing that the matters embraced in this Order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the Nix Defendants from

9

opposing specified claims or supporting their defenses or from introducing designated matters into evidence; (3) striking the Nix Defendants' pleadings in whole or in part; and (4) rendering a default judgment against the Nix Defendants. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

*Id*. Class Representatives seek a similar order that any failure to comply with the Court's forthcoming order on this Motion or any other further failure by Defendant Mayweather to comply with his discovery obligations will result in the facts alleged in the Third Amended Complaint being ruled "as established" as to Defendant Mayweather and/or entry of a default judgement against him in accord with Rule 37(b)(2)(A).

### d.) Both Monetary and Non-monetary Sanctions Are Necessary to Prevent Further Delay and Prejudice

As discussed above, given his record of unresponsiveness, it is completely appropriate for this Court to order a non-monetary sanction by compelling Defendant Mayweather to respond to interrogatories and complete his document production by a date certain (as well as provide to Class Representatives a privilege log for any documents withheld pursuant to an asserted evidentiary privilege). *See Daniels*, 2021 WL 6499981, at \*1.

Further, Defendant Mayweather's refusal to engage in discovery has caused waste of judicial and party resources by delaying this case and depriving Plaintiffs of information necessary to attempt resolving this matter with minimal Court intervention. *Mull* at \*1. This conduct warrants monetary sanctions in addition to any other appropriate relief. Indeed, the impending close of discovery deadline exacerbates this prejudice to Class Representatives' case who have been thus far unable to determine the universe of relevant documents and evidence available that supports their claims. Therefore, public policy is best served by awarding Class Representatives' sanctions including "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A).

In fact, "if a motion to compel is granted, the Court 'must' require the party

10

whose conduct necessitated the motion, or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Beeman,* 2017 WL 5564535, at \*5; *see also Campari*, 2024 WL 5424367, at \*1 (awarding discovery sanctions); *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 314 (C.D. Cal. 2020) (Kim, M.J.) (holding party "personally liable" for discovery violations and awarding monetary sanctions for reasonable fees incurred), *aff'd*, 2024 WL 3631140 (9th Cir. Aug. 2, 2024); *Livecast 365, LLC*, 2023 WL 12218660, at \*12 (reasonable fees and costs award warranted when discovery requests were properly served, yet opposing party fails to meet and confer in good faith, is not justified in failing to respond to discovery, and imposing such an award would not otherwise be unjust). Should the Court grant this Motion, Class Representatives request permission to submit a costs and fees application reflecting the fees and costs incurred in relation to this motion to compel. Notably, "[t]he failure of [Defendant Mayweather or his] counsel to comply with or cooperate" in the discovery process warrants the awarding of sanctions under the Local Rules as well. L.R. 37-4; *Beeman*, 2017 WL 5564535, at \*5 (determining that a party's "refusal to meet and confer regarding their frivolous and boilerplate objections makes an award of reasonable expenses appropriate" under Local Rule 37-4).

Awarding Class Representatives both non-monetary and monetary sanctions furthers public policy interests by encouraging good faith participation in the judicial process and minimizing costly pleadings to compel response. Here, Defendant Mayweather's failure to simply respond to an email or phone call from counsel for the certified Class is both unacceptable and without justification, rendering the conduct sanctionable. *See Herrera v. City of Palmdale*, 2022 WL 17367187 at \*6-8 (C.D. Cal. Aug. 8, 2022) (finding non-responsiveness to discovery requests to be inexcusable particularly where a party waited 8 months to file a meritorious motion to compel and awarding reasonable costs and fees expended on litigating said motion). Neither the Court nor Class Representatives should have to "expend

resources addressing this essentially unopposed Motion." *Id.*

Furthermore, Defendant Mayweather has a history of failing to cooperate in discovery, demonstrating his lack of respect for the judicial process and purposeful intent in failing to communicate or respond in this matter. *See, e.g.*, *Pacquiao v. Mayweather*, 2012 WL 4092684, at *3-7 (D. Nev. Sep. 17, 2012) (ordering sanctions and an award of attorney fees and costs under Rule 37 after Defendant Mayweather failed to attend his deposition despite the denial of his motion for protective order). Defendant's latest counsel acknowledged this in their motion to withdraw citing "an inability to sufficiently communicate with Mr. Mayweather" about among other things "respon[ses] to discovery" and "breach[ing] a material term of his agreement with them" (not paying legal fees) as grounds to relieve them of representing Defendant Mayweather. Dkt. No. 289 at 4-6. This exact same behavior was cited as grounds for withdrawal by his other former counsel in this matter. *See* Dkt. No. 219 at 4-5. Together, these facts demonstrate Defendant Mayweather's disregard for the judicial process, particularly when it comes to compliance with legitimate discovery requests. Therefore, an award of sanctions in the form of reasonable attorney's fees and costs pursuant to Rule 37 is necessary to maintain the integrity of the court and compel Defendant Mayweather's active participation in this action.

In short, this case is over four years old, and Defendant Mayweather's noncooperation continues to unjustly hamper its disposition. With non-expert discovery cutoff approaching in six months, and trial to begin in less than a year (*see* Dkt. No. 296), any further delay in discovery would prejudice Class Representatives case beyond repair. Defendant Mayweather's motion to dismiss has been largely denied (*see* Dkt. No. 161, 189) and the class certified (Dkt. No. 288); thus Plaintiffs have already demonstrated their claims have merit. Therefore, it is time for Defendant Mayweather's "game of hide and seek" to end. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 790 (9th Cir. 2011).

## V.    CONCLUSION

12

For the foregoing reasons, Class Representatives respectfully request that the Court grant their motion and provide the following relief:

(1) A declaratory order finding that Defendant Mayweather failed to timely and/or sufficiently respond to Class Representatives' discovery requests and that this failure constitutes a waiver of Defendant Mayweather's objections thereto;

(2) Defendant Mayweather shall serve full and complete responses to Plaintiffs' interrogatories within fourteen (14) days of entry of this Order;

(3) Defendant Mayweather shall produce all non-privileged documents requested in Plaintiffs First Request for Production, along with an accompanying privilege log for any withheld documents and the specific asserted privileges within fourteen (14) days of entry of this Order; and

(4) An award of sanctions in the form of attorney's fees and costs incurred in relation to this Motion, the amount of which is to be determined upon review of Class Representatives' forthcoming costs and fees application.

Dated: March 24, 2026                    Respectfully submitted,

s/  *John T. Jasnoch*
John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-236-0508

*Attorney for Class Representatives and the Class*

13

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
CASE NO. 2:22-cv-00163-MWF-SK

## <u>CERTIFICATE OF SERVICE</u>

I, John T. Jasnoch, hereby certify that on March 24, 2026, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on March 24, 2026 at San Diego, California

*s/ John T. Jasnoch*
John T. Jasnoch

14